# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GOVERNMENT EMPLOYEES INSURANCE CO., et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **STEFAN TRNOVSKI, M.D. et al,** <br><br> Defendant. | **Civil Action No. 16-4662 (CCC)** <br><br> **OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendants to quash two subpoenas served by Plaintiffs [ECF No. 58]. Plaintiffs oppose Defendants' motion [ECF No. 61]. For the reasons set forth below, Defendants' Motion to Quash [ECF No. 58] is **DENIED**.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiffs Government Employees Insurance Co., Geico Indemnity Co., Geico General Insurance Company, and Geico Casualty Co. (collectively "Geico" or "Plaintiffs") initiated this action on August 2, 2016 by filing their Complaint against Stephen Trnovski, M.D. ("Dr. Trnovski"), Roman Kosiborod, D.O. ("Dr. Kosiborod"), Aron Rovner, M.D. ("Dr. Rovner"), Albert Akkerman, M.D., Alliance Spine Associates, LLC ("Alliance Spine"), (collectively the "Alliance Defendants"), and New Horizon Surgical Center, LLC ("New Horizon"). *See* Complaint, ECF No. 1. According to Plaintiffs' Complaint, New Horizon and the Alliance Defendants were wrongfully compensated after they submitted hundreds of fraudulent no-fault insurance charges to Geico. *Id.* ¶ 1. Based on these allegations, Plaintiffs assert a claim for a declaratory judgment, seeking a declaration that Alliance

1

Spine and New Horizon have no right to receive payment for any pending bills submitted to Geico. *Id*. ¶ 332. Plaintiffs also assert various claims for violations of the New Jersey Insurance Fraud Prevention Act ("NJIFPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), for common law fraud, for aiding and abetting fraud, and for unjust enrichment. *See Id*. at 123-138.

In September of 2016, New Horizon and the Alliance Defendants, with the exception of Dr. Rovner, filed motions to dismiss Plaintiffs' Complaint. *See* ECF Nos. 13, 20. Before a decision could be rendered on the motions, the Court administratively terminated the motions to allow the parties time to engage in meaningful settlement discussions. *See* ECF No. 37. Shortly thereafter, New Horizon and Plaintiffs reached an agreement to settle their claims, and in January of 2018, New Horizon was dismissed from the case. *See* ECF No. 40. Plaintiffs and the Alliance Defendants were not able, however, to resolve their issues. Therefore, all claims against the Alliance Defendants are still pending.

On March 29, 2018, the Alliance Defendants filed the present Motion to Quash. ECF No. 58. The Motion to Quash relates to two subpoenas (the "Subpoenas") served by Plaintiffs on non-parties TD Bank and Bank of America (the "Non-Party Banks"). The Subpoenas seek the production of documents related to any account that has been maintained by Alliance Spine. *See* ECF No. 61-2 at 3, 6. Specifically, the Subpoenas seek copies of "all deposit and/or withdrawal slips, canceled checks, transaction statements, electronic fund transfers, account ledgers, account information and governance documents, corporate resolutions, signature cards, powers of attorney and all correspondence related to the accounts." *Id*.

In support of their Motion to Quash, the Alliance Defendants argue that the Subpoenas are improper, overbroad, and are "wholly irrelevant to the claims of fraudulent billing and lack of medical necessity that are asserted by Plaintiffs in this action." ECF No. 58-1. In opposition to the Motion to

2

Quash, Plaintiffs argue that: (1) Alliance Spine's corporate financial records are highly relevant to the claims and defenses asserted in this action; (2) the Subpoenas are not overbroad; and (3) the Alliance Defendants have failed to meet their burden of establishing that the materials sought by the Subpoenas are privileged and confidential. *See* ECF No. 61.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.,* 92 F.R.D. 371, 375 (D.N.J. 1981). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

3

Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b). *OMS Investments, Inc. v. Lebanon Seaboard Corp.,* 2008 WL 4952445 (D.N.J. Nov. 18, 2008). Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Moreover, an "issuing court may . . . quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B).

**III. DISCUSSION**

*A. Standing*

The Court first considers whether the Alliance Defendants even have standing to move to quash the Subpoenas on behalf of the Non-Party Banks. Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs.,* 202 F.R.D. 433, 434–435 (E.D.Pa. 2001). However, "a party has standing to bring a Motion to Quash or modify a subpoena upon a nonparty when the party claims a personal privilege in the production sought." *Schmulovich v. 1161 R. 9, LLC,* 2007 WL 2362598 (D.N.J. Aug. 15, 2007) (internal citations omitted); *see also Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."). In this regard, "[a] party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Group, Inc.,* 2013 WL 57892 (S.D.N.Y. Jan. 4, 2013).

Here, the Alliance Defendants do not challenge the Subpoenas on the grounds that the production sought contains their personal privileged information. Rather, the Alliance Defendants

4

assert that the Subpoenas are irrelevant and overbroad. In fact, the Alliance Defendants make virtually no effort to establish that the materials sought by the Subpoenas are either privileged or confidential. As Plaintiffs note, "the closest the Alliance Defendants get to even making any argument at all regarding the privilege or confidentiality is to fleetingly refer to Alliance's corporate bank records as 'confidential banking information' and 'proprietary banking information.'" ECF No. 61 at 22. This vague mention of privilege, by itself, does not afford the Alliance Defendants standing to challenge the Subpoenas directed at the Non-Party Banks. Accordingly, the Alliance Defendants' Motion to Quash must be **DENIED**.

### B. *Relevance*

Although the Court finds that the Alliance Defendants lack standing to quash the Subpoenas, the Court will nevertheless address whether the information that Plaintiffs seek is relevant under Rule 26. Any discovery sought by way of a Rule 45 subpoena must fall within the scope of discovery allowed by Rule 26. *Schmulovich*, 2007 WL 2362598. In this regard, such information must be "relevant to any party's claim or defense ... [but] need not be admissible[.]" Rule 26. "Relevancy is defined as 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case[.]'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 2009 WL 4666937 (D.N.J. Dec. 8, 2009) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The Subpoenas seek the production of documents related to any account that has been maintained by Alliance Spine. In support of their motion, the Alliance Defendants argue that the imaterials Plaintiffs seek "have no relevance to the issue of whether the treatments at issue were medically necessary" and that "Plaintiffs cannot identify one iota of information that could be found in those bank records that could support their claim." ECF No. 58-1 at 3.

5

In opposition, Plaintiffs contend that the Alliance Defendants' corporate financial records are "highly relevant" to the claims and defenses in this action. To this point, Plaintiffs assert that the records they seek will lead to discoverable information and it will reveal the financial relationship between the individual Alliance Defendants and Alliance Spine. ECF No. 61 at 18. For example, Plaintiffs assert that the records will reveal: (1) the way the Alliance Defendant's scheme operates, (2) the amount of damages Plaintiffs suffered, (3) potential financial transactions between Alliance Spine and New Horizon, (4) the amount of financial interest Drs. Trnovski and Kosiborod held in New Horizon, (5) the extent to which the Alliance Defendants profited off the alleged fraudulent billing, (6) the pattern of racketeering activity, (7) the scope of the RICO claims, and (8) the extent to which Alliance Spine's revenues were derived from the fraudulent submissions. *See* ECF No. 61 at 18-20.

The Court finds that the information sought by the Subpoena is clearly relevant to allegations made by Geico. In short, Plaintiffs allege that New Horizon and the Alliance Defendants were wrongfully compensated after they submitted hundreds of fraudulent no-fault insurance charges to Geico. As Plaintiffs note, the financial records may reveal the extent to which the individual defendants profited off of the alleged scheme, and, more importantly, the amount of damages that Plaintiffs suffered. In addition, the records will likely establish whether the Alliance Defendants actually received Plaintiffs' payments and may assist in determining whether any of the Defendants violated New Jersey law as Plaintiffs claim. *See* Compl. Based on the factual circumstances surrounding this case, the Court finds that the documents Plaintiffs seek in the Subpoenas are clearly relevant and discoverable.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for reasons set forth above;

**IT IS** on this 23rd day of October, 2018,

**ORDERED** that the Alliance Defendants Motion to Quash [ECF No. 58] is **DENIED**.[1]

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**

---

[1] The Court notes that a Discovery Confidentiality Order was entered on April 10, 2018, *see* ECF No. 60. Discovery of the Non-Party Bank's records will be subject to the provisions of the confidentiality order.